IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROADCAST MUSIC, INC.; HARRICK MUSIC, INC.; EMI VIRGIN SONGS, INC. d/b/a EMI LONGITUDE MUSIC; MJ PUBLISHING TRUST d/b/a MIJAC MUSIC; MJ PUBLISHING TRUST d/b/a MIRAN PUBLISHING INC.; HOUSE OF FUN MUSIC, INC.; SPIRIT ONE MUSIC, A DIVISION OF SPIRIT MUSIC GROUP, INC.; STONE DIAMOND MUSIC CORP.; RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC; and BOY MEETS GIRL MUSIC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) CIVIL ACTION NO. |
| v. | )<br>) |
| SPIGA, INC. d/b/a BUONA VIA RISTORANTE; and SALVATORE CARRATTA, individually, | )<br>)<br>) |
| Defendants. | ) |

## VERIFIED COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 8.5 million copyrighted musical compositions (the "BMI Repertoire"), and currently includes all of those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Harrick Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff EMI Virgin Songs, Inc. is a corporation d/b/a EMI Longitude Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff MJ Publishing Trust is a Trust d/b/a Mijac Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff MJ Publishing Trust is a Trust d/b/a Miran Publishing Inc. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff House Of Fun Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Spirit One Music, A Division of Spirit Music Group, Inc., is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Stone Diamond Music Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Rondor Music International, Inc. is a corporation d/b/a Irving Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Boy Meets Girl Music is a partnership owned by Shannon Rubicam and George Robert Merrill. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Defendant Spiga, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which operates, maintains and controls an establishment known as Buona Via Ristorante, located at 426 Horsham Road, Horsham, Pennsylvania 19044-2012, in this district (the "Establishment").

15. In connection with the operation of the Establishment, Defendant Spiga, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

16. Defendant Spiga, Inc. has a direct financial interest in the Establishment.

17. Defendant Salvatore Carratta is an officer of Defendant Spiga, Inc. with primary responsibility for the operation and management of that corporation and the Establishment.

18. Defendant Salvatore Carratta has the right and ability to supervise the activities of Defendant Spiga, Inc. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

19. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 18.

20.     Plaintiffs allege nine (9) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions owned and/or licensed by the Plaintiffs. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

21.     Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the nine (9) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

22.     For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

23.     For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

4

24. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI is currently the licensor of the public performance rights in the musical composition identified on Line 2 and was, at the time of the infringement, granted the right by the Publisher(s) identified on Line 4 to pursue actions for infringement of the public performance rights in their musical compositions and to seek damages for such infringement. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

25. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

26. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II)   Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III)  Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV)   Plaintiffs have such other and further relief as is just and equitable.

July 7, 2014

*Stanley H. Cohen* (signature)

Stanley H. Cohen
(I.D. No. 12095)
Caesar, Rivise, Bernstein,
Cohen & Pokotilow, Ltd.
12th Floor, Seven Penn Center
1635 Market Street
Philadelphia, PA 19103-2212
Telephone: 215-567-2010
Facsimile: 215-751-1142
E-mail: scohen@crbcp.com

Attorney for Plaintiffs

## VERIFICATION

STATE OF TENNESSEE    )
                      ) ss.:
COUNTY OF DAVIDSON    )

Brian Mullaney, being duly sworn, deposes and says:

I am Vice President of Sales, Licensing, for Plaintiff Broadcast Music, Inc. I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
Brian Mullaney

Sworn to before me this
3rd day of July 2014.

_____
Notary Public

[Seal: ANDREA F. KAMINSKI, STATE OF TENNESSEE NOTARY PUBLIC, COUNTY OF DAVIDSON]

My Comm. Exp. May 8, 2017

7

# Schedule

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | (Shake, Shake, Shake) Shake Your Booty |
| Line 3 | Writer(s) | Harry Wayne Casey |
| Line 4 | Publisher Plaintiff(s) | Harrick Music, Inc.; EMI Virgin Songs, Inc. d/b/a EMI Longitude Music |
| Line 5 | Date(s) of Registration | 6/7/76    10/8/76 |
| Line 6 | Registration No(s). | Eu 684468  Ep 359373 |
| Line 7 | Date(s) of Infringement | 05/09/14 |
| Line 8 | Place of Infringement | Buona Via Ristorante |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Billie Jean |
| Line 3 | Writer(s) | Michael Jackson |
| Line 4 | Publisher Plaintiff(s) | MJ Publishing Trust d/b/a Mijac Music |
| Line 5 | Date(s) of Registration | 12/27/82 |
| Line 6 | Registration No(s). | PA 158-772 |
| Line 7 | Date(s) of Infringement | 05/09/14 |
| Line 8 | Place of Infringement | Buona Via Ristorante |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Boogie Shoes |
| Line 3 | Writer(s) | Harry Wayne Casey a/k/a H.W. Casey |
| Line 4 | Publisher Plaintiff(s) | EMI Virgin Songs, Inc. d/b/a EMI Longitude Music |
| Line 5 | Date(s) of Registration | 8/18/75   3/27/78 |
| Line 6 | Registration No(s). | Eu 606202   PA 10-277 |
| Line 7 | Date(s) of Infringement | 05/09/14 |
| Line 8 | Place of Infringement | Buona Via Ristorante |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Don't Stop a/k/a Don't Stop Till You Get Enough |
| Line 3 | Writer(s) | Michael Joe Jackson |
| Line 4 | Publisher Plaintiff(s) | MJ Publishing Trust d/b/a Miran Publishing Inc. |
| Line 5 | Date(s) of Registration | 6/18/79   8/11/80 |
| Line 6 | Registration No(s). | Pau 114-601   PAu 240-861 |
| Line 7 | Date(s) of Infringement | 05/09/14 |
| Line 8 | Place of Infringement | Buona Via Ristorante |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Holiday |
| Line 3 | Writer(s) | Lisa Stevens; Curtis Hudson |
| Line 4 | Publisher Plaintiff(s) | House Of Fun Music, Inc.; Spirit One Music, A Division of Spirit Music Group, Inc. |
| Line 5 | Date(s) of Registration | 4/2/84 |
| Line 6 | Registration No(s). | PA 216-744 |
| Line 7 | Date(s) of Infringement | 05/09/14 |
| Line 8 | Place of Infringement | Buona Via Ristorante |

| Line 1 | Claim No. | 6 |
|---|---|---|
| Line 2 | Musical Composition | I Can't Get Next To You |
| Line 3 | Writer(s) | Barrett Strong; Norman Whitfield |
| Line 4 | Publisher Plaintiff(s) | Stone Diamond Music Corp. |
| Line 5 | Date(s) of Registration | 8/4/69 |
| Line 6 | Registration No(s). | Ep 261684 |
| Line 7 | Date(s) of Infringement | 03/28/2014   05/09/14 |
| Line 8 | Place of Infringement | Buona Via Ristorante |

| Line 1 | Claim No. | 7 |
|---|---|---|
| Line 2 | Musical Composition | I Wanna Dance With Somebody Who Loves Me a/k/a Somebody Who Loves Me |
| Line 3 | Writer(s) | George Merrill; Shannon Rubicam |
| Line 4 | Publisher Plaintiff(s) | Rondor Music International, Inc. d/b/a Irving Music; Shannon Rubicam and George Robert Merrill, a partnership d/b/a Boy Meets Girl Music |
| Line 5 | Date(s) of Registration | 11/10/86   6/15/87<br>6/30/87 |
| Line 6 | Registration No(s). | PAu 901-755   PA 343-550<br>PAu 985-995 |
| Line 7 | Date(s) of Infringement | 05/09/14 |
| Line 8 | Place of Infringement | Buona Via Ristorante |

| | | |
|---|---|---|
| Line 1 | Claim No. | 8 |
| Line 2 | Musical Composition | Respect |
| Line 3 | Writer(s) | Otis Redding |
| Line 4 | Publisher Plaintiff(s) | Rondor Music International, Inc. d/b/a Irving Music |
| Line 5 | Date(s) of Registration | 1/4/93 |
| Line 6 | Registration No(s). | RE 608-238 |
| Line 7 | Date(s) of Infringement | 03/28/2014     05/09/14 |
| Line 8 | Place of Infringement | Buona Via Ristorante |

| | | |
|---|---|---|
| Line 1 | Claim No. | 9 |
| Line 2 | Musical Composition | Way You Make Me Feel a/k/a The Way You Make Me Feel |
| Line 3 | Writer(s) | Michael Jackson |
| Line 4 | Publisher Plaintiff(s) | MJ Publishing Trust d/b/a Mijac Music |
| Line 5 | Date(s) of Registration | 6/23/87 |
| Line 6 | Registration No(s). | PAu 994-389 |
| Line 7 | Date(s) of Infringement | 03/28/2014 |
| Line 8 | Place of Infringement | Buona Via Ristorante |